UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUANITA LANE,

      Plaintiff,

      v.

KAPLANA GEORGE et al.,

      Defendants.

No. 25-cv-13320-JDH

## ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

HEDGES, M.J.

### I.   BACKGROUND

On November 7, 2025, Plaintiff Luanita Lane, proceeding *pro se*, initiated this action alleging that a "Judge Kaplana George" of the Dorchester District Court "switched [her] son [at birth] on June 6, 1992 … at the Brigham and Women's Hospital." Docket No. 1 at 3. Ms. Lane further asserts Judge Kaplana George "had his daughter switch my baby with my ovaries…." Docket No. 1-1. On separate pages included with the complaint, Ms. Lane alleges that defendants Ms. Sutton-Wilson and Mr. Bell have switched 17 other children at birth, and that the Brigham and Women's Hospital is "said to be faking blood tests, stealing ovaries from females and giving these ovaries to other females to push out and make ovary babies." Docket No. 1-5 at 1-2. Ms. Lane also asserts that a "device" was placed in her body "for stealing blood, stealing ovaries and glands from [her] breast" and connects her allegations to a "Clown Organization, LLC," "politicians [sic] families, from around the world," and "Afghanistan people." *Id.*

On February 19, 2026, I allowed Ms. Lane's motion for leave to proceed *in forma pauperis* and issued an order noting that on preliminary review, even under the generous review standard afforded to *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Ms. Lane's complaint fails to establish a sufficient basis for this Court to exercise subject matter jurisdiction and fails to state a claim upon which relief can be granted. *See generally* Docket No. 9. Accordingly, I directed Ms. Lane to file an amended complaint within twenty-eight days, setting forth a claim over which the Court has subject matter jurisdiction. *Id.* at 8. I explained that failure to comply with the Order may result in dismissal of the action. *Id*.

Since March 11, 2026, Ms. Lane has filed three "letter requests" totaling 38 pages. Docket Nos. 11-13.[1] The letter requests are difficult to understand as a single narrative and, in some instances, difficult to decipher. *Id*. The allegations in these letters relate to the underlying claim in Ms. Lane's complaint that her son was switched at birth. *Id*. The letters do not, however, correct the jurisdictional deficiencies identified in the Court's February 19, 2026 Order. *Id*. Thus, the deadline for Ms. Lane to file an amended complaint has now passed.

## II.   ORDER

I direct the case to be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

## III.   RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the District Judge DISMISS this action pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.[2]

---

[1] Between December 2, 2025 and January 20, 2026, Ms. Lane filed five additional letter requests containing the same allegations outlined in her complaint. Docket Nos. 4-8.

[2] Under Federal Rule of Civil Procedure 72(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party

SO ORDERED.


Dated: April 21, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge

---

seeking review by a district judge of these determinations and orders must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge.